IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ALAN COLE ONSTAD                                                                                          PLAINTIFF

        v.                           Civil No. 6:21-cv-06105

AGENT ROY BETHELL,
Group 6 Narcotics Unit;
STEPHEN L. SHIRRON,
Prosecuting Attorney;
JUDGE CHRIS E. WILLIAMS,
Hot Spring County Circuit Court;
JOHN AND JANE DOE DEFENDANTS,
Involved in the Seizure and Failure to Return
Seized United States Currency; and
GREG CRAINE, Public Defender                                                                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

      Plaintiff, Alan Cole Onstad ("Onstad"), currently an inmate of the Varner Unit of the Arkansas Department of Corrections, filed this civil rights action under 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis* ("IFP").  (ECF Nos. 1, 2, 3).  An Amended Complaint was filed on July 15, 2021.  (ECF No. 7).

1

## I. BACKGROUND

The allegations of Onstad's Amended Complaint concern events in October 2019. His first claim is for denial of due process. He states that "legally obtained property was taken from me without any reason or a proceeding of any kind to validate the seizure." (ECF No. 7 at 4). The claim is stated against Agent Bethell, Stephen L. Shirron, and John and Jane Doe secretaires or clerks responsible for establishing a hearing date, and specifically concerns $871.00 that was confiscated from Onstad during an arrest. (*Id*.). The money was allegedly held at Prosecuting Attorney Stephen Shirron's office. (*Id*.). Onstad states he was given a confiscation form, and although he was told that a hearing would be held, it never was. (*Id*.). Onstad states that he has file-marked copies of a "Motion for Return of Seized Property" that he filed in Hot Spring County on March 25, 2020, and again January 12, 2021. (*Id*. at 5). He states that he "was never afforded due process." (*Id*.).

Onstad's first claim is stated against the Defendants in both their official and individual capacities. With respect to the official capacity claim, when asked to "describe the custom, policy, or widespread practice that you believe caused the violation of your constitutional rights," Plaintiff states: "The practice of Group 6 Task Force and Hot Springs Co. prosecutors office is to take all manner of valuables from poor, unrepresented persons like myself w/out any consideration for due process then keep said properties for agency coffers by denying the rightful owner the opportunity to seek redress at a Constitutionally mandated hearing to prove valid claims to said valuables." (ECF No. 7 at 5).

Onstad's second claim is for "denial of access to court which caused the loss of $871.00 that was legally acquired." (ECF No. 7 at 6). He also states that he has not "been able to receive

2

jail credit for days already served (approx 120 days)." (*Id*.). The claim is stated against Public Defender Greg Craine, Judge Chris E. Williams, Prosecuting Attorney Stephen Shirron, Agent Roy Bethell, and "unknown secretaries/bookkeepers, etc. involved in any of the entities that have failed to make sure I was afforded a hearing to determine legal ownership of said monies." (*Id*.).

Onstad's second claim is also stated against the Defendants in both their official and individual capacities. With respect to the official capacity claim, when asked to "describe the custom, policy, or widespread practice that you believe caused the violation of your constitutional rights," Plaintiff states: "Again I believe it is the practice within Hot Springs Co. at both the Courthouse and Prosecutor's Office along w/the Public Defenders Office to simply ignore and silence poor, unrepresented individuals such as myself especially once sentenced to ADC and affectively left defenseless and without a voice to protest. This unofficial policy / practice must stop. Everyone deserves a day in Court." (ECF No. 7 at 7).

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (ECF No. 7 at 9).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

#### A.  Separate Defendant Greg Craine

Plaintiff names his public defender, Greg Craine, as a Defendant in his second cause of action. The Supreme Court has held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Further, although caselaw recognizes that a private party can be held liable under § 1983 when he or she is a "willful participant in a joint activity with the State or its agents," *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009), Onstad does not allege the facts necessary to indicate such an arrangement.[1]

---

[1] To state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). With respect to Separate Defendant Greg Craine, Plaintiff only alleges that he "served" Craine with a copy of his "Motion for Return of Seized Property" to no avail. (ECF No. 7 at 5).

### B. Prosecutorial Immunity

Immunity is a defense to an individual capacity claim. *Roach v. Stouffer*, 560 F.3d 860, 870 (8th Cir. 2009) ("immunity, either absolute or qualified, is a *personal* defense that is available only when officials are sued in their individual capacities") (internal quotation marks and citation omitted). The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity, while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (cleaned up). The immunity extends to "a civil conspiracy charge when [the prosecutor's] alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (citation omitted).

Here, Onstad has failed to allege Prosecutor Stephen L. Shirron engaged in any conduct other than prosecutorial functions. Accordingly, Prosecutor Shirron is entitled to absolute

immunity on the individual capacity claims against him for damages.[2] *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### C. Judicial Immunity

Judge Chris E. Williams is a Circuit Judge for Hot Spring County, Arkansas. As set forth above, Onstad's second claim is stated against Judge Williams and is for "denial of access to court which caused the loss of $871.00 that was legally acquired." (ECF No. 7 at 6). Onstad also claims that he has not "been able to receive jail credit for days already served (approx 120 days)." (*Id*.). He states that he has "file marked copies of 'Motion for Return of Seized Property' that I filed in Hot Spring Co. on 3-25-20 and again 1-12-21 . . ." (*Id*. at 5). He further states, "I filed a pro-se motion 'For Return of Seized Property' with the Hot Spring Co. Clerks office . . . Again in Jan 2021 I resubmitted the file marked copy of the motion to the clerks office." (*Id*. at 6). The Court located these motions on caseinfo.arcourts.gov. Plaintiff's state criminal matter was filed in the Circuit Court of Hot Spring County, Arkansas, before Judge Chris E. Williams, and is styled *State of Arkansas v. Alan Cole Onstad*, having Case No. 30CR-19-396-1. Although the case was "closed" on March 11, 2020, the date of the entry of the Sentencing Order, there are several motions for return of seized property and for credit for time spent in custody pending. The motions were all filed after the case was "closed" on March 11, 2020.

Judges are generally immune from individual capacity damages suits based on actions taken within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial

---

[2] Prosecutors enjoy absolute prosecutorial immunity from damages liability in certain circumstances; however, absolute prosecutorial immunity does not extend to actions for declaratory and injunctive relief. *Supreme Court v. Consumers Union of United States*, 446 U.S. 719, 736 (1980).

6

immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial, and (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction. *Id*. Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

The only allegations Onstad has made against Judge Williams are related to the motions pending in the Hot Spring County criminal proceeding. Plaintiff has made no allegations that Judge Williams took any actions that were non-judicial or taken without jurisdiction. Plaintiff's individual capacity claims for damages against Judge Williams fail as he is immune from suit.

### D. Sovereign Immunity

Onstad's official capacity claims against Prosecutor Shirron and Judge Williams are subject to dismissal. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, § 20. Judges are also state officials. Ark. Const. amend. 80, § 17.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police*, 491

U.S. 58, 71 (1989) (citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney*, 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See, e.g., Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Prosecutor Shirron and Judge Williams are therefore barred by the Eleventh Amendment.

### E.   *Younger* Abstention

Finally, the remaining claims in this matter should be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). As set forth above, Plaintiff's claims concern motions pending in a criminal case in Hot Spring County, Arkansas. *State of Arkansas v. Onstad*, 30CR-19-396-1. Under *Younger*, federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th

Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730. Because Plaintiff seeks both damages and injunctive relief, it is appropriate to stay the remaining claims in this matter.

9

## IV.  CONCLUSION

For the foregoing reasons, I recommend the following:

1) that Plaintiff's claims against Greg Craine be dismissed;

2) that Plaintiff's claims *for damages* against both Prosecuting Attorney Stephen L. Shirron and Judge Chris E. Williams, in their individual capacities, be dismissed; and,

3) that Plaintiff's claims against both Prosecuting Attorney Stephen L. Shirron and Judge Chris E. Williams, in their official capacities, be dismissed.

I further recommend that this matter be stayed and administratively terminated with respect to the remaining claims and Defendants, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Specifically, this matter should be stayed with respect to Plaintiff's claims against Roy Bethell, Plaintiff's individual capacity claims for injunctive relief against Defendants Stephen L. Shirron and Judge Chris E. Williams, and Plaintiff's claims against the John and Jane Doe Defendants.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 30th day of August 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

10